## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JUSTIN JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| **WAAWAATESI LLC,** | ) |
| **d/b/a GREENLINE LOAN,** | ) |
| | ) |
| **JESSI LORENZO, in her official and/or** | ) |
| **individual capacity,** | ) |
| | ) |
| **JOSEPH WILDCAT in his official capacity** | ) |
| **As President of the Lac du Flambeau Band of** | ) |
| **Lake Superior Chippewa Indians** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF REMOVAL

COME NOW Defendants Waawaatesi LLC, d/b/a Greenline Loan, Jessi Lorenzo (also known as Jessie Phillips) and Joseph Wildcat ("Defendants"), and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1441 and 1446, file their Notice of Removal of the action captioned *Justin Johnson v. Waawaatesi LLC, et al.,* Case No. 57-CV-2022-900051.00, from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for removing this action, Defendants state the following:

### BACKGROUND

1. On or about March 28, 2022 Plaintiff Justin Johnson ("Plaintiff"), on behalf of himself and all other similarly situated, filed the Complaint in this action in the Circuit Court of Russell County, Alabama. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint seeks relief on behalf of a putative class of Alabama consumers and alleges violations of the Alabama Small Loans Act, Ala. Code § 5-18-1, *et seq*. Specifically, the Complaint seeks a declaration that the violating loans are void *ab initio* and seeks recovery of all sums collected, received or retained by Defendants in connection with the violating loans, as well as injunctive and other equitable relief. (Compl., p. 1.)

3. The Complaint alleges the following putative class: "All Alabama residents from whom Defendants collected, received or retained any sums in connection with any personal loan extended by Defendants in Alabama (wherein the actions taken by the borrower to accept the terms of the loan agreement were made from within Alabama) to such resident in any principal amount less that One Thousand Five Hundred Dollars (one thousand five hundred dollars (one thousand five hundred dollars one thousand five hundred dollars ($1500) and within the period beginning four years preceding the filing of this Complaint to the date that the class is certified." (Compl. ¶ 41.)

**REMOVAL PROCEDURES**

4. In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by Defendants are attached hereto as **Exhibit B**.

5. No Defendants have been properly served with process. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b) because Defendants are filing this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…"

6. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction. This Court has original jurisdiction based upon 28 U.S.C. § 1332(d) because this is a class action with at least 100 putative class members, there is diversity of citizenship between at

least one class member and a defendant, and the aggregate amount in controversy exceeds $5,000,000.

7. Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division embracing Russell County, Alabama, where the state court action is pending.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of the Court for the Circuit Court of Russell County, Alabama.

## **CAFA JURISDICTION**

9. This Court has subject matter jurisdiction pursuant to CAFA because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and one defendant (minimal diversity), and the aggregate amount in controversy exceeds $5,000,000.

*Plaintiff's Action is a Class Action for Purposes of CAFA*

10. The Complaint is titled "Complaint for Individual and Class Relief." (Compl., p. 1). It states: "Plaintiff brings this action for himself and on behalf of a class of similarly situated Alabama residents for injunctive relief and damages resulting from the lending practices of Defendants …" (*Id.*) The Complaint further alleges that "[t]he Class is so numerous that joinder of each member of the Class would be impractical," "[t]he claims of the Plaintiff are typical of the claims of the Class," "[t]here are common questions of law and fact involved with this action that affects the rights of each member of the Class, and the relief sought is common to the Class," "Plaintiff will fairly and adequately represent the interests of the Class as the Plaintiff is a member of the Class," and "[t]he attorneys for the Plaintiff are experienced and capable in litigation in the

field of class actions and in the fields of consumer protection, debt collection, and credit reporting." (*Id*. at ¶¶ 52-59).

11. As such, this matter is a class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

*The Number of Alleged Class Members Exceeds 100*

12. Plaintiff alleges that the putative class he seeks to represent is so numerous that joinder of each member of the class would be impracticable. (Compl. ¶ 52). Based on Plaintiff's proposed class definition, Defendant Waawaatesi, LLC represents that the putative class size exceeds 100. **Exhibit C**, Declaration of Raquel Bell ("*Bell Decl*.") at ¶ 4. This purported class action thus meets the requirements of 28 U.S.C. § 1332(d)(5)(B).

*Diversity of Citizenship Exists*

13. CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). With minimal diversity under CAFA, "only one member of the plaintiff class – named or unnamed – must be diverse from any one defendant." *Lowery v. Ala. Power Co*., 483 F. 3d 1184, 1194 n. 24 (11th Cir. 2007).

14. Defendant Waawaatesi LLC is a tribal corporation organized under the laws of the Lac du Flambeau Bank of Lake Superior Chippewa Indians (the "Tribe") located in the State of Wisconsin and is a federally recognized American Indian Tribe. (*Bell Decl*. ¶ 3).

15. Defendant Waawaatesi LLC's principal place of business is in Lac du Flambeau, Wisconsin.

---

[1] Although this action was filed by Plaintiff as a putative class action and is therefore removable under the relevant statutes, Defendants do not admit or concede that this action can properly proceed as a class action. Defendants expressly reserve the right to challenge whether the action brought by Plaintiff meets the requirements of Fed. R. Civ. P. 23 or any other applicable rule.

16. Plaintiff avers that he is a resident of Russell County, Alabama. (Compl. ¶ 1).

17. Defendant Jessi Lorenzo is a resident and citizen of the State of Florida.

18. Minimal diversity is established here because Plaintiff is a citizen of Alabama and Defendant Jessi Lorenzo is a citizen of Florida.

*The Amount in Controversy Amount is Satisfied*

19. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

20. The amount in controversy "is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation." *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 752 (11th Cir. 2010)).

21. Plaintiff seeks declaratory relief by way of (a) declaring the loan contract entered into between Plaintiff and Defendants as void, (b) declaring each of the loan contracts between Class Members and Defendants void, (c) return of all sums collected, received or retained in connection with the loan extended to Plaintiff, (d) return of all sums collected, received or retained in connection with any loan extended to a Class member; (e) enjoining Defendants from collecting or servicing the loans at issue and from making any loans in the future in the entire state of Alabama, (f) actual damages, (g) additional damages, and (h) attorney's fees. (Compl., p. 17-18).

22. The Eleventh Circuit has held that courts should include in the amount in controversy "the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Mann v. Unum Life Ins. Of Am*., 505 Fed. Appx. 854, 856 (11th Cir. 2013) (citation omitted). "For CAFA purposes, we aggregate the claims of individual class

members and consider the monetary value that would flow to the entire class if declaratory relief were granted." *S. Fla. Wellness*, 745 F.3d at 1316. That $5,000,000 amount in controversy is satisfied here in numerous ways.

23. First, Plaintiff alleges that the total amount borrowed through his loan was $300.00, with the total finance charge of $592.32, making the total amount of payments for his loan $892.32. (Compl. ¶ 29). The purported putative class consists of all other Alabama residents that borrowed from Defendants, which consists of an additional 6,157 individuals. (*Bell Decl*. ¶ 4). Applying Plaintiff's borrowed amount as an average, the value of the loans made from March 2018 to April 2022[2] is approximately $6,000,000, well over the required $5,000,000 amount in controversy requirement for CAFA.

24. Additionally, Plaintiff seeks an injunction that would prevent Defendants from extending or servicing **any** loans in Alabama at any point in the future. (Compl., p. 17). "It is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc*., 120 F.3d 216, 218 (11th Cir. 1997) (citation omitted). If Plaintiff is successful in obtaining his requested relief, Defendants would suffer a loss in the upwards of tens of millions of dollars – certainly above the $5,000,000 benchmark. (*Bell Decl*. ¶ 5).

25. In total, the damages and relief Plaintiff seeks easily exceeds the $5,000,000 CAFA threshold.

---

[2] Plaintiff alleges the putative class consists of all Alabama residents that collected, received, or retained any sums from Defendant **in the four years preceding the filing of the Complaint** up until the date the class is certified. Plaintiff's Complaint was filed on March 18, 2022, hence the range of March 2018 to April 2022.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this action be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

DATED this 3rd day of June, 2022.

        Respectfully submitted

        */s/ John N. Bolus*
        John N. Bolus
        Maynard Cooper Gale
        1901 Sixth Ave. N, Suite 1700
        Birmingham, AL 35203
        Telephone: (205) 254-1025
        Fascimile: (205) 714-6325
        Email: JBolus@maynardcooper.com

        **Attorney for Defendants**
        **Waawaatesi LLC, d/b/a Greenline Loans,**
        **Jessi Lorenzo (a/k/a Jessi Phillips) and**
        **Joseph Wildcat**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd day of June 2022, the foregoing document was filed electronically with the Courts CM/ECF system and served on the parties via the Court's electronic filing system and mailed via US First Class Mail to:

Kenneth J. Riemer
Riemer Law, LLC
2153 Airport Boulevard
Mobile, AL  36606

Steven Nicholas
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, AL  36604

>                                      */s/  John N. Bolus*
>                                      **Of Counsel**