# EXHIBIT B

# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: JESSICA ATKINSON**



County: **57**  Case Number: **CV-2022-900051.00**  Court Action:

Style: **JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL**

**Real Time**

## Case

### Case Information

| | | |
|---|---|---|
| County: **57-RUSSELL** | Case Number: **CV-2022-900051.00** | Judge: **MJB:MICHAEL J. BELLAMY** |
| Style: **JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL** | | |
| Filed: **03/28/2022** | Case Status: **ACTIVE** | Case Type: **INJUNCTIVE RELIEF** |
| Trial Type: **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **3** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:

Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **04/12/2022** | Updated By: **JOC** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - JOHNSON JUSTIN

#### Party Information

| | | |
|---|---|---|
| Party: **C001-Plaintiff** | Name: **JOHNSON JUSTIN** | Type: **I-INDIVIDUAL** |
| Index: **D WAAWAATESI L** | Alt Name: | Hardship: **No**  JID: **MJB** |
| Address 1: **2153 AIRPORT BLVD** | | Phone: **(334) 000-0000** |

Address 2:
City: **MOBILE**    State: **AL**    Zip: **36606-0000**   Country: **US**
SSN: **XXX-XX-X999**    DOB:    Sex:    Race:

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 2 - Defendant BUSINESS - WAAWAATESI LLC DBA GREENLINE LOANS

### Party Information

| | | | |
|---|---|---|---|
| Party: **D001-Defendant** | Name: **WAAWAATESI LLC DBA GREENLINE LOANS** | | Type: **B-BUSINESS** |
| Index: **C JOHNSON JUST** | Alt Name: **GREENLINE LOANS** | Hardship: **No** | JID: **MJB** |
| Address 1: **597 PEACE PIPE ROAD** | | Phone: **(334) 000-0000** | |
| Address 2: | | | |
| City: **LAC DU FLAMBEA** | State: **WI** | Zip: **54538-0000** | Country: **US** |
| SSN: **XXX-XX-X999** | DOB: | Sex: | Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **03/28/2022** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: **04/28/2022** | Return Type: **O-OTHER** | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant INDIVIDUAL - LORENZO JESSI

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | LORENZO JESSI | Type: | I-INDIVIDUAL |
| Index: | C JOHNSON JUST | Alt Name: | | Hardship: No | JID: MJB |
| Address 1: | 502 S FREMONT AVE | | | Phone: (334) 000-0000 | |
| Address 2: | APT 1107 | | | | |
| City: | TAMPA | State: | FL | Zip: 33606-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 03/28/2022 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: | |
| Return: | 04/14/2022 | Return Type: X | Return: | Return Type: | |
| Served: | | Service Type | Service On: | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 4 - Defendant INDIVIDUAL - WILDCAT JOSEPH

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | WILDCAT JOSEPH | Type: | I-INDIVIDUAL |
| Index: | C JOHNSON JUST | Alt Name: | | Hardship: No | JID: MJB |
| Address 1: | 418 LITTLE PINES | | | Phone: (334) 000-0000 | |
| Address 2: | | | | | |
| City: | LAC DU FLAMBEA | State: | WI | Zip: 54538-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 03/28/2022 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: | |
| Return: | | Return Type: | Return: | Return Type: | |
| Served: | 04/04/2022 | Service Type A-AUTHORIZED SERVICE | Service On: | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $26.88 | $26.88 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $16.29 | $16.29 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $334.00 | $334.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $522.17 | $522.17 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/29/2022 | CREDIT | CONV | 2022137 | 2668810 | $16.29 | C001 | 000 | N | | | | JOC |
| 03/29/2022 | RECEIPT | AOCC | 2022137 | 2668830 | $26.88 | C001 | 000 | N | | | | JOC |
| 03/29/2022 | RECEIPT | CV00 | 2022137 | 2668840 | $234.00 | C001 | 000 | N | | | | JOC |
| 03/29/2022 | RECEIPT | JDMD | 2022137 | 2668850 | $100.00 | C001 | 000 | N | | | | JOC |
| 03/29/2022 | RECEIPT | VADM | 2022137 | 2668860 | $45.00 | C001 | 000 | N | | | | JOC |
| 03/31/2022 | RECEIPT | CV05 | 2022139 | 2671320 | $100.00 | C001 | 000 | N | | | | JOC |
| 04/04/2022 | RECEIPT | CV05 | 2022144 | 2671960 | $234.00 | C001 | 000 | N | | | | DEB |
| 04/04/2022 | VOID RCPT X | CV00 | 2022137 | 2668840 | $234.00 | C001 | 000 | N | X | | | DEB |
| 04/04/2022 | FEE DELTD | CV00 | 2022144 | 00 | $234.00 | C001 | 000 | N | | | | DEB |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 3/28/2022 | 11:34 AM | ECOMP | COMPLAINT E-FILED. | RIE003 |
| 3/28/2022 | 11:36 AM | FILE | FILED THIS DATE: 03/28/2022          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | ASSJ | ASSIGNED TO JUDGE: MICHAEL J. BELLAMY          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | EXPD | EXPEDITED STATUS DENIED          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 3/28/2022 | 11:36 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | C001 | LISTED AS ATTORNEY FOR C001: NICHOLAS STEVEN LEON | AJA |
| 3/28/2022 | 11:36 AM | C001 | C001 PARTY ADDED: JOHNSON JUSTIN          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | C001 | LISTED AS ATTORNEY FOR C001: RIEMER KENNETH JOSEP | AJA |
| 3/28/2022 | 11:36 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D001 | CERTIFIED MAI ISSUED: 03/28/2022 TO D001   (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D001 | D001 PARTY ADDED: WAAWAATESI LLC D/B/A GREENLINE L | AJA |
| 3/28/2022 | 11:36 AM | D002 | D002 PARTY ADDED: LORENZO JESSI          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D002 | CERTIFIED MAI ISSUED: 03/28/2022 TO D002   (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D003 | CERTIFIED MAI ISSUED: 03/28/2022 TO D003   (AV02) | AJA |

| 3/28/2022 | 11:36 AM | D003 | D003 E-ORDER FLAG SET TO "Y"  (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D003 | D003 PARTY ADDED: WILDCAT JOSEPH  (AV02) | AJA |
| 3/28/2022 | 11:36 AM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE  (AV02) | AJA |
| 3/29/2022 | 8:41 AM | STYL | JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE L | JOC |
| 3/29/2022 | 8:41 AM | STYL | OANS ET AL  (AV01) | JOC |
| 3/29/2022 | 8:41 AM | D001 | D001 NAME CHANGED FROM: WAAWAATESI LLC D/B/A GREEN | JOC |
| 3/29/2022 | 8:43 AM | D002 | D002 ADDR1 CHANGED FROM: 502 S. FREMONT AVE.(AV02) | JOC |
| 3/29/2022 | 8:43 AM | D002 | D002 ADDR2 CHANGED FROM: APARTMENT 1107  (AV02) | JOC |
| 4/21/2022 | 2:04 PM | ESCAN | SCAN - FILED 3/30/2022 - CERTIFIED MAIL | JOC |
| 4/21/2022 | 2:05 PM | ESCAN | SCAN - FILED 3/30/2022 - CERTIFIED MAIL | JOC |
| 4/21/2022 | 2:05 PM | ESCAN | SCAN - FILED 3/30/2022 - CERTIFIED MAIL | JOC |
| 4/26/2022 | 2:08 PM | ESERC | SERVICE RETURN | JBS |
| 4/26/2022 | 2:08 PM | D003 | SERVICE OF AUTHORIZED ON 04/04/2022 FOR D003(AV02) | JOC |
| 5/3/2022 | 2:31 PM | ESERC | SERVICE RETURN | JBS |
| 5/3/2022 | 2:31 PM | D002 | RETURN OF FORWARD EXPIR ON 04/14/2022 FOR D002 | JOC |
| 5/16/2022 | 1:19 PM | ESERC | SERVICE RETURN | JBS |
| 5/16/2022 | 1:19 PM | D001 | RETURN OF OTHER ON 04/28/2022 FOR D001  (AV02) | JOC |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 3/28/2022 11:33:49 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 3/28/2022 11:33:49 AM | 2 | COMPLAINT | | 19 |
| 3/28/2022 11:33:50 AM | 3 | INTERROGATORIES(R33) | Interrogatories | 6 |
| 3/28/2022 11:36:16 AM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 3/28/2022 11:36:17 AM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 3 |
| 4/21/2022 2:04:50 PM | 6 | CERTIFIED MAIL | | 1 |
| 4/21/2022 2:05:09 PM | 7 | CERTIFIED MAIL | | 1 |
| 4/21/2022 2:05:30 PM | 8 | CERTIFIED MAIL | | 1 |
| 4/26/2022 2:08:30 PM | 9 | SERVICE RETURN | SERVICE RETURN | 2 |
| 4/26/2022 2:09:12 PM | 10 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 5/3/2022 2:31:34 PM | 11 | SERVICE RETURN | SERVICE RETURN | 1 |
| 5/3/2022 2:31:47 PM | 12 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 5/16/2022 1:19:24 PM | 13 | SERVICE RETURN | SERVICE RETURN | 1 |
| 5/16/2022 1:19:32 PM | 14 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |



*END OF THE REPORT*

ELECTRONICALLY FILED
3/28/2022 11:34 AM
57-CV-2022-900051.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>57<br><br>Date of Filing:<br>03/28/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
### JUSTIN JOHNSON v. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
 ☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br> Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br> Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING    A ☐ APPEAL FROM<br> DISTRICT COURT    O ☐ OTHER

 R ☐ REMANDED    T ☐ TRANSFERRED FROM<br> OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| RIE003 | 3/28/2022 11:34:06 AM | /s/ KENNETH J RIEMER |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
3/28/2022 11:34 AM
57-CV-2022-900051.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE CIRCUIT COURT FOR RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| **JUSTIN JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **WAAWAATESI LLC,** | ) | |
| **d/b/a GREENLINE LOANS, JESSI** | ) | |
| **LORENZO, in her official and/or** | ) | |
| **Individual capacity, and JOSEPH** | ) | |
| **WILDCAT in his official capacity as** | ) | |
| **President of the Lac du Flambeau Band** | ) | |
| **of Lake Superior Chippewa Indians** | ) | |
| **and A through Z, being those individuals** | ) | |
| **and entities whose names are unknown,** | ) | |
| **but will be ascertained; and who are** | ) | |
| **responsible, in their individual and/or** | ) | |
| **official capacities, for the unlawful** | ) | |
| **actions alleged herein,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR INDIVIDUAL AND CLASS RELIEF

Plaintiff brings this action for himself and on behalf of a class of similarly situated Alabama residents for injunctive relief and damages resulting from the lending practices of Defendants in violation of the Alabama Small Loans Act, Ala. Code Sections 5-18-1 through 23 (1975)("ASLA"). Plaintiff, for himself and on behalf of a class, seeks a declaration that the violating loans are void *ab initio* and seeks the recovery of all sums collected, received or retained by Defendants in connection with the violating loans, as well as injunctive and other equitable relief.

### THE PARTIES

1.   Plaintiff Justin Johnson is an adult resident of Russell County, Alabama.

2.   Defendants Waawaatesi LLC d/b/a Greenline Loans ("Greenline") is a limited

liability company, at least one member of which claims to be the Lac du Flambeau Band of Lake Superior Chippewa Indians ("Lac du Flambeau Band" or the "Tribe"). Greenline is not incorporated under the laws of any state or under federal law. Because at least one of Greenline's members is the tribe and/or a tribal entity, Greenline is not a citizen of any state and it is not a foreign entity. There is no diversity of citizenship between Greenline and Plaintiff for purposes of 28 U.S.C. § 1332.

3.      Greenline is an internet lender which peddles high-interest small loans (a/k/a "payday loans") to the citizens of Alabama and other states through the internet. All of its lending business is conducted over the internet and off of any recognized tribal reservation. The operation and management of the lending business is conducted through non-tribal members and entities located outside of any tribal land.

4.      The annual interest rates Greenline charges range between 200% and 830% annually.

5.      Greenline has never been licensed to extend small loans in Alabama.

6.      Greenline extended at least one loan to Plaintiff and each member of the class. Each loan was made in blatant violation of Alabama law. Each loan was extended with Greenline's knowledge that the borrowers resided in Alabama at the time the loan was extended and that the borrowers were executing the loan documents from Alabama. Greenline also knew that it was not licensed to issue payday loans in Alabama and that the loans violated Alabama law. Moreover, and as described below, Greenline crafted contract language specifically designed to avoid any application of Alabama law and to shield itself from liability for its lending practices in Alabama which it knew clearly violated Alabama law.

7.      Greenline operates an interactive website through which it markets its loans to

2

residents in Alabama and through which it interacts with borrowers in Alabama for every phase of the lending process including application, execution and delivery of loan documents, distribution of loan proceeds and collections. All this is done through Greenline's website with the borrower and prospective borrower located in Alabama.

8.   Greenline specifically targets certain states, including Alabama. Greenline has made the deliberate choice to focus its lending practice in states like Alabama and the choice not to lend in certain other states such as Arkansas, Colorado, Connecticut, Georgia, Illinois, Maryland, Minnesota, Montana, New Hampshire, New York, North Carolina, Pennsylvania, Puerto Rico, Vermont, Virginia, West Virginia, Wisconsin, and Washington.

9.   The loans were the product of Greenline's marketing practices which are intentionally directed into Alabama and for the purposes of soliciting high-interest small loans from Alabama residents. Greenline purposefully availed itself of the privilege of conducting activities within Alabama and to the jurisdiction of its courts in resolving disputes related to these loan transactions.

10.   Defendant Jessi Lorenzo is the president of the LDF Holdings, LLC, ("LDF") the entity which conducts the operational activities of Greenline. The activities conducted by Lorenzo and LDF include all interactions between Greenline and borrowers. Through that position, Lorenzo is personally involved in the decision to extend loans which violate Alabama law to Alabama residents in Alabama. She is also personally involved in the operation of the unlawful lending activities in Alabama, including the soliciting and accepting loan applications, directing loan documents into Alabama for execution, collection of the executed loan documents, distribution of loan proceeds in Alabama, servicing the loans and collecting amounts directly from bank accounts held in Alabama. Lorenzo in her official capacity, has the ability to stop the illegal practices alleged in this complaint.

3

11.     Joseph Wildcat is the President of the Lac du Flambeau Band of Lake Superior Chippewa Indians and responsible for the overall financial operations of the tribe.  Wildcat has the ability to stop the illegal practices alleged in this complaint.

12.     Defendants A through Z are individuals and entities who, in their individual and/or official capacities, are directly involved in the unlawful lending operations in Alabama alleged herein.  Defendants A through Z include individuals and entities responsible for the funding, operation and marketing of the loans described herein; the individual and entities who received money or other benefit from the loans; the individuals or entities who engaged in activities designed to evade the application Alabama law which would render the loans unlawful and void; and those individuals and entities engaged in the collection of funds in connection with those loans. The names of Defendants A through Z are unknown but will be ascertained.

13.     Greenline, Lorenzo, Wildcat, and A through Z were all directly involved in lending activities which were purposefully directed into Alabama and which they knew or should have known violated Alabama law.  Defendant each purposefully availed themselves of the privilege of conducting activities within Alabama and to the jurisdiction of its courts in resolving disputes related to these loan transactions.

## FACTS

### The Alabama Small Loans Act

14.     The Alabama Small Loans Act, Ala. Code Sections 5-18-1 through 23 (1975)("ASLA"), was originally enacted in 1959 in an attempt to address the "evils" created by an increased demand for small loans and the response by opportunistic lenders.  The legislature found that, as a result of those market forces, "borrowers of small sums are being exploited to the injury of the borrower, his dependents and the general public. Charges are generally exorbitant in

4

relation to those necessary to the conduct of a legitimate small loan business, trickery and fraud are common and oppressive collection practices are prevalent." Ala. Code § 5-18-2(5).

15.    Central to the ASLA's regulatory scheme is its licensing requirement.  The ASLA prohibits any person from engaging "in business of lending in amounts of less than one thousand five hundred dollars ($1,500) and contract for, exact or receive, directly or indirectly, on or in connection with any such loan, any charges whether for interest, insurance, compensation, consideration, or expense . . . without first having obtained a license from the supervisor." Ala. Code § 5-18-4. Extending small loans without a license is a crime, punishable by up to six months of imprisonment.  Ala. Code § 5-18-4(d).

16.    It is a wide-spread practice among companies seeking to make large profits from usurious small loans to take various steps to evade the protections of state laws which cap legal rates of interest and other charges, as well as regulate small loan lenders through licensing requirements.  The Alabama legislature recognized that efforts or evade these requirements and other "trickery and fraud" were prevalent among small loan lenders (Section 5-18-2(5). Accordingly, the legislature extended the ALSA's requirements "to any person who seeks to evade its application by any device, subterfuge, or pretense whatsoever including, … arrangement or procurement of a loan through any use of activity of a third person, whether real or fictitious." Ala. Code § 5-18-4©.  The scheme operated by Defendants meets this definition precisely.  It is designed with the intent to evade the protections of Alabama law by subterfuge, pretense and through the use of a third person, in this case the tribe.

17.    Under the ASLA, any loan agreement covered by the Act and made by an unlicensed lender is null and void" "Any contract of loan in the making or collection of which acts shall have been done which violates this section (licensing requirement) shall be void,

and the lender shall have no right to collect, receive, or retain any principle, interest or charges whatsoever." Ala. Code § 5-18-4(d).

18.     The ASLA also limits the amounts which can be charged in connection with small loans. These limits are aimed to protect the borrower while at the same time allowing for a "rate of charge sufficiently high to permit a business profit." Ala. Code § 5-18-2(b). To that end, the Act imposes maximum rates of interest in the amount of 24 percent for loans ranging from $201.00 to $1,500.00 and 36 percent for loans up to $200.00. The Act requires licensees to refund the amounts extracted in excess of those limits and renders it a crime to knowingly impose charges which violate the caps. Ala. Code § 5-18-14(l).

**Greenline's Lending Practices**

19.     High interest online predatory lending is a highly profitable business. At the same time, federal law imposes no substantive restraints on what small loan lenders may charge. That is left to the states, and many states (including Alabama) impose some combination of licensing requirements or anti-usury caps on small loans to protect their citizenry from predatory lending practices. Alabama imposes limits on interest rates and other charges lenders may impose in connection with small loans. Alabama's cap on the interest rate on loans smaller than $1,500 is 36%. These legal limits are well below the rates typically charged by predatory on-line lenders. Greenline charged Plaintiff 777.85% in connection with his loan. Alabama, and many other states, also require any person extending small loans be licensed. Greenline is not licensed in Alabama. Extending small loans in Alabama without a license is a crime. The high-interest small on-line loans peddled by Greenline and other predatory on-line small loan lenders violate most state laws and subject them to criminal sanctions. Thus, state law presents an insurmountable obstacle to this profitable and predatory lending business.

6

20.     In order to continue their online loan business, high-interest predatory lenders like Greenline must devise schemes to evade state law.  One such scheme involves an association with a Native American tribe whereby the entity or individuals who finance and run the lending operation enter into an arrangement with a Native American tribe and agrees to pay the tribe a very small percentage of the profits from the lending operation in exchange for the use of the tribal entity's sovereign immunity.  The goal is to use tribal immunity and the tribe's unique legal status as a shield from state law which would otherwise prohibit the predatory loans.  The lender then, through a label associated with a tribal entity, targets their marketing into states like Alabama offering near instant cash through high interest loans initiated by the borrower over the internet from the comfort of their home.  All loan documents are signed in Alabama, money is directed to bank accounts in Alabama and payments are extracted from accounts in Alabama.  There is no real connection to any tribe or tribal land.  These schemes work in conjunction with lender-friendly tribal laws which impose little or no limits on what may be charged in connection with these loans.

21.     To provide a shield from the legal consequences of extending loans which clearly violate state law, these lenders embed into their loan agreements choice of law and dispute resolution clauses designed to ensure the application of lender-friendly tribal laws and forums, at the exclusion of state laws which would otherwise apply.  The language is also designed to invoke the sovereign immunity of the tribe to shield the lending enterprise from the legal consequences of issuing illegal loans in states like Alabama.

22.     In recent years, these schemes have come under increasing scrutiny from regulators and courts. One prominent perpetrator of such a lending scheme was convicted and sentenced to

7

16 years in prison related to federal racketeering and truth-in-lending laws.[1]  Courts around the nation have criticized the practice.  The Seventh Circuit Court of Appeals declared payday loan agreements designed to impose tribal law as the exclusive applicable law to be a "sham from stem to stern."  Similar observations were made by the Fourth, Second and Third Circuit Courts. As well as numerous federal District Courts nationwide.

23.     Defendants operate such a scheme, under the lending name Greenline, through an affiliation with the Lac du Flambeau Band located in Wisconsin.  Defendants operate an on-line lending business through which it extends small loans to Alabama residents at extremely high rates.  Greenline is not licensed in Alabama to extend small loans.  The extending of these loans in Alabama is a crime under Alabama law.

24.     With the knowledge that these loans violate Alabama state law, Defendants devised a scheme specifically designed as an attempt to circumvent Alabama law and specifically the ASLA.  Defendants embed in its loan documents dispute resolution provisions designed to capture any and all state law claims within the scope of mandatory arbitration (so that they cannot be brought in court) and then kill those same claims by specifically prohibiting the arbitrator from applying any state law.

25.     This is accomplished by "governing law" provisions which select tribal law (which contains no meaningful interest rate limit) and "applicable federal law" as the exclusive law to be applied to any dispute.  The contract specifically bans application of any state law, including Alabama law.   At the same time, the contract includes an arbitration clause which requires the

---

[1] https://www.reuters.com/article/us-usa-paydaylending-crime/race-car-driver-tucker-gets-more-than-16-years-for-lending-scheme-idUSKBN1EU20L.  https://www.reuters.com/article/us-usa-paydaylending-crime/race-car-driver-tucker-gets-more-than-16-years-for-lending-scheme-idUSKBN1EU20L,https://www.reuters.com/article/us-usa-paydaylending-crime/race-car-driver-tucker-gets-more-than-16-years-for-lending-scheme-idUSKBN1EU20L

8

borrower to submit any claim arising from state law to arbitration.   Thus, while a borrower is required to arbitrate any state law claim, the arbitrator is prohibited from adjudicating any such claim.

26.     In a further attempt to prevent any judicial scrutiny of its lending practices, Defendants' arbitration agreement also includes a "delegation clause" which requires the arbitrator to interpret the arbitration clause and decide its validity, enforceability, and scope of the agreement to arbitrate.  Federal and Alabama arbitration law requires that the formation, scope, validity, and enforceability of any arbitration clause be determined by state law.  That would include state law defenses to usurious loan agreements, including the ASLA which would render the loan void *ab initio* in its entirety.  But under the Greenline agreement, the arbitrator tasked with determining the enforceability of the arbitration agreement is also prohibited from applying any state law.  As a result, Alabama borrowers are deprived any opportunity to assert (in court or in arbitration) any of the protections provided by their state's laws, including the ASLA.  Thus, the delegation clause, and the arbitration agreement as a whole, unconscionably deny borrowers their state statutory rights to seek damages and invalidation of entire agreement, including the arbitration clause.

27.     Also, the ban on applying state law in arbitration renders the delegation clause unworkable and unenforceable under the Federal Arbitration Act because it deprives the arbitrator of the legal tools necessary to determine issues related to the formation, scope, validity, and enforceability of the arbitration agreement.

28.     Alabama and federal law recognize arbitration as a legitimate and fair alternative forum for adjudicating disputes which would otherwise be heard in court.  But that is not the intent or effect of Greenline's arbitration agreement.  Rather than providing a fair alternative forum for adjudicating disputes, Greenline's contract and arbitration clause extinguishes the only meaningful

claims available to victims of these predator loans – those available under state law. The purpose and design of Greenline's clause is not to allow adjudication of all disputes, but to shield Defendants' otherwise criminal lending practices from the state laws designed to protect Alabama citizens from exactly these types of loans.

### The Loan to Plaintiff

29.     On or about August 24, 2021, in response to Defendants' on-line loan offerings, Plaintiff entered into a loan agreement with Greenline in the principal amount of $300.00. The annual percentage rate was 777.85 percent, with the total finance charge of $592.32. The total amount of payments for this $300.00 loan is $892.32.

30.     The loan was acquired through Defendants' online loan apparatus and initiated by Plaintiff from Alabama. All the actions by Plaintiff to consummate the loan, including his acceptance of the offered loan terms, were made by him from his home in Alabama.

31.     The loan was made with a citizen of Alabama located in Alabama and is subject to Alabama law, including the licensing requirements set out in the ASLA. At no time during the relevant period was Greenline licensed through the Alabama Department of Banking, as required by the ASLA.

32.     The loan made to Plaintiff was formed in the State of Alabama.

33.     The loan contract with Plaintiff is void *ab initio* in its entirety by operation of the ASLA. Ala. Code § 5-18-4(d).

34.     The loan contract with Plaintiff is also void *ab initio* in its entirety because the subject matter of the contract (the making of a covered loan without a license) constitutes a crime, as defined by the ASLA, and the contract was formed through the commission of a crime.

35. The loan is also void as against the public policy unambiguously expressed in the ASLA.

36. The arbitration agreement embedded in the loan extended to Plaintiff is unenforceable because it is part of an agreement that is void in its entirety, *ab initio*, by operation of the ASLA and because the subject of the agreement (an unlicensed small loan) constitutes a crime. The arbitration agreement is also unenforceable because it offends Alabama public policy and unconscionably denies Alabama citizens their rights under state law, including the ASLA.

37. The arbitration agreement embedded in the loan extended to Plaintiff contains a delegation clause which is unworkable because it deprives the arbitrator of the legal tools necessary to determine issues related to the formation, scope, validity, and enforceability of the arbitration agreement. Furthermore, the delegation clauses unconscionably deny borrowers their state statutory rights, including the right to have the entire agreement, including the arbitration clause, declared void.

38. All the substantive activities associated with the loan to Plaintiff occurred outside any tribal land, and those activities constitute commercial transactions made outside tribal lands.

39. Any sovereign immunity which might be otherwise enjoyed by any of the Defendants has been waived by the operation of a for-profit unlawful and criminal lending operation within the State of Alabama.

40. The loan made to the Plaintiff contained an arbitration clause designating the American Arbitration Association ("AAA") as the arbitral forum, through which Defendants consented to the adjudication of disputes arising from state law without respect to sovereign immunity.

**The Class**

11

41.     Plaintiff asserts his claims individually and on behalf of a class of similarly situation individuals defined as follows:

> All Alabama residents from whom Defendants collected, received or retained any sums in connection with any personal loan extended by Defendants in Alabama (wherein the actions taken by the borrower to accept the terms of the loan agreement were made from within Alabama) to such resident in any principal amount less than One Thousand Five Hundred Dollars (one thousand five hundred dollars (one thousand five hundred dollars one thousand five hundred dollars ($1,500) and within the period beginning four years preceding the filing of this Complaint to the date that the class is certified.

(The "Class").

42.     Excluded from the Class are: (1) individuals who already have settled a lawsuit, claim, or obtained a judgment against Defendants arising from the wrongdoing complained of in the Complaint or (2) Defendants, their officers, directors, and employees, or any affiliate of Defendants, members of each of their immediate families and each of their legal representatives, heirs, successors or assigns; (3) any entity in which Defendants have or had a controlling interest; (4) all judicial officers in the United States; (5) the undersigned counsel and the members of their immediate families.

43.     The loans made to the members of the Class were formed in the State of Alabama.

44.     Each of the loans with the members of the Class is void *ab initio* in the entirety by operation of the ASLA.  Ala. Code § 5-18-4(d).

45.     Each of the loans with the members of the Class is also void *ab initio* in its entirety because the subject matter of the contract (the making of a covered loan without a license) constitutes a crime, as defined by the ASLA, and the contract was formed through the commission of a crime.

46.     The loans made to members of the Class are also void as against the public policy unambiguously expressed in the ASLA.

12

47.     The arbitration agreement embedded in each of the loans extended to the members of the Class is unenforceable because it is part of an agreement that is void in its entirety, *ab initio*, by operation of the ASLA and because the subject of the agreement (an unlicensed small loan) constitutes a crime. The arbitration agreement is also unenforceable because it offends Alabama public policy and unconscionably denies Alabama citizens their rights under state law, including the ASLA.

48.     The arbitration agreement embedded in each of the loans extended to the members of the Class contains a delegation clause which is unworkable because it deprives the arbitrator of the legal tools necessary to determine issues related to the formation, scope, validity, and enforceability of the arbitration agreement. Furthermore, the delegation clauses unconscionably deny members of the Class their state statutory rights, including the right to have the entire agreement, including the arbitration clause, declared void.

49.     All the substantive activities associated with the loans to the members of the Class occurred outside any tribal land, and those activities constitute commercial transactions made outside tribal lands.

50.     Any sovereign immunity which might be otherwise enjoyed by the Defendants with respect to loans made to members of the Class has been waived by its operation of a for-profit unlawful and criminal lending operation within the State of Alabama.

51.     Each and every loan the Defendants made to the members of the Class contained an arbitration clause designating the American Arbitration Association ("AAA") as the arbitral forum, through which Defendants consented to the adjudication of disputes arising from state law without respect to sovereign immunity.

52.     The Class is so numerous that joinder of each member of the Class would be impracticable.

53.     The claims of the Plaintiff are typical of the claims of the Class.  All claims of the Plaintiff and class members depend on a showing that the Defendants engaged in a scheme to offer, sell, and collect on small loan sold to residents of Alabama which violate the ASLA.  There is no conflict between the individual named Plaintiff and other members of the Class with respect to this action or with respect to the claims for relief set forth in this Complaint.

54.     This action is maintainable as a class under Rule 23(b)(1) of the Alabama Rules of Civil Procedure as the facts will show a uniform pattern of conduct by the Defendants that will leave the Court with the task of answering the discreet legal question as to whether their conduct was and remains unlawful and in violation of the ASLA. Given these questions presented to the Court, maintenance of separate actions against the Defendants would create a substantial risk that adjudication of an individual member of the Class would be virtually dispositive of the interests of the other members of the Class and substantially impede their ability to protect their interests.

55.     This action is maintainable under Rule 23(b)(2) if the Alabama Rules of Civil Procedure as the Defendants, through its actions as alleged herein, has acted or refused to act on grounds generally applicable to the Class, making declaratory relief appropriate to the Class as a whole.

56.     The requirements of Rule 23(b)(3) are met by the following issues and facts of the case:

a.     There are common questions of law and fact involved with this action that affects the rights of each member of the Class, and the relief sought is common to the Class, namely:

i.     Whether the subject loan violated the ASLA;

ii.     Whether the subject loan is void *ab initio*;

iii.    Whether the arbitration, class action waivers, choice of law and other dispute resolution provisions in the subject agreements are valid and enforceable;

iv.     Whether the choice of law provisions in the subject agreements selecting tribal law and excluding the application of state law, including Alabama law, are valid and enforceable;

v.      Whether the delegation clauses in the subject agreements are valid and enforceable;

vi.     Whether any of the Defendants are entitled to any sovereign immunity relating to actions taken with respect to the subject agreements;

vii.    Whether the Defendants must disgorge all sums has collected, received and retained collected in connection with the loans; and

viii.   Whether the Defendants should be enjoined from continuing to offer loans in Alabama without a license.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy because:

i.      The members of the Class have little interest in or ability to bring separate actions as their individual monetary losses are relatively small; and

ii.     It is desirable to concentrate all claims relating to the uniform business practice of the Defendants in one judicial forum.

57.     There are no foreseeable difficulties likely to be encountered in the management of this class action in that the Defendants have records indicating: (1) the number of Class Members; (2) the identities of the members of the Class; and (3) reliable contact information of the members of the Class.

58.     The Plaintiff will fairly and adequately represent the interests of the Class as the Plaintiff is a member of the Class, the Plaintiff's claims are typical of those in the Class, and there are no conflicts between the claims of the Plaintiff and the claims of other members of the Class.

15

59.    The attorneys for the Plaintiff are experienced and capable in litigation in the field of class actions and in the fields of consumer protection, debt collection, and credit reporting.

## Count I

60.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

61.    The ASLA prohibits any person from engaging "in business of lending in amounts of less than one thousand five hundred dollars ($1,500) and contract for, exact or receive, directly or indirectly, on or in connection with any such loan, any charges whether for interest, insurance, compensation, consideration, or expense . . . without first having obtained a license from the supervisor." Ala. Code § 5-18-4.

62.    The licensing requirement extends "to any person who seeks to evade its application by any device, subterfuge, or pretense whatsoever including, … arrangement or procurement of a loan through any use of activity of a third person, whether real or fictitious." Ala. Code § 5-18-4(c).

63.    Defendants A through Z are the individuals and entities responsible for the funding, operation and marketing of the loans described above; the individual and entities who received money or other benefit from the loans; the individuals or entities who engaged in activities designed to evade the application Alabama law which would render the loans unlawful and void; and those individuals and entities engaged in the collection of funds in connection with those loans.

64.    Any loan covered by the ASLA which was made by an unlicensed lender is null and void *ab initio*. Ala. Code § 5-18-4(d).

65.    Any loan covered by the ASLA which allows for rates of charge in excess of the limits set forth in the ASLA is void *ab initio*. Ala. Code § 5-18-4(d).

16

66.     The loan extended to Plaintiff was in an amount less than One Thousand Five Hundred Dollars ($1,500) and was subject to the prohibitions and requirements of the ASLA.

67.     Each of the loans extended to the members of the Class was in an amount less than One Thousand Five Hundred Dollars ($1,500) and was subject to the prohibitions and requirements of the ASLA.

68.     At no time prior to the consummation of the loan to Plaintiff or the members of the Class were any of the Defendants licensed as required by the ASLA.

69.     Defendants have collected, received, and retained principal and interest payments, as well as payments of other charges and fees, in connection with the loans to Plaintiff and to the member of the Class in violation of the ASLA, or have supervised and participated in such activities.

70.     Defendants have violated the ASLA with respect to every loan extended to Plaintiff and to each member of the Class.

WHEREFORE, Plaintiff, for himself and on behalf of the above-described Class, demands judgment as to the following:

    a.     Declaring that the loan contract entered into between Plaintiff and Defendants is void in its entirety *ab initio*;

    b.     Declaring that each of the loan contracts entered into between Class Members and Defendants is void in their entirety *ab initio*;

    c.     Requiring that Defendants return to Plaintiff all sums collected, received or retained in connection with the loan extended to him;

    d.     Requiring that Defendants return to the members of the Class all sums collected, received or retained in connection with each loan extended to the members of the Class;

    e.     Enjoining the Defendants from collecting or servicing the illegal loans, and from making any loans in the future in the State of Alabama in

17

violation of Alabama law, and such other injunctive relief as is appropriate;

f.   Awarding actual damages to Plaintiff;

g.   Certifying this action as a class action;

h.   Awarding any appropriate additional damages to the class;

i.   Awarding attorney's fees and costs  to the attorneys for the Class; and

j.   Awarding any other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN.**

**DISCOVERY REQUEST SERVED WITH COMPLAINT**

KENNETH J. RIEMER (RIE003)
RIEMER LAW, LLC
Attorney for Plaintiff
2153 Airport Boulevard
Mobile, AL 36606
Telephone: (251) 432-9212
Kriemer01@gmail.com

CUNNINGHAM BOUNDS, LLC

*/s/ Steven Nicholas*
STEVEN NICHOLAS (NIC012)
1601 Dauphin Street
Mobile, Alabama 36604
sln@cunninghambounds.com
(251) 471-6191 Phone
(251) 479-1031 Facsimile

18

**DEFENDANTS TO BE SERVED VIA CERTIFIED FIRST-CLASS USPS AS FOLLOWS:**

Waawaatesi, LLC
d/b/a Greenline Loans
597 Peace Pipe Road
Lac Du Flambeau, WI 54538

Jessi Lorenzo
502 S. Fremont Ave.,
Apartment 1107
Tampa, FL 33606

Joseph Wildcat
418 Little Pines
Lac Du Flambeau, WI 54538

ELECTRONICALLY FILED
3/28/2022 11:34 AM
57-CV-2022-900051.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

**IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**

| | |
|---|---|
| JUSTIN JOHNSON | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Case No.** |
| | ) |
| WAAWAATESI LLC, | ) |
| d/b/a GREENLINE LOANS, JESSI | ) |
| LORENZO, in her official and/or | ) |
| Individual capacity, and JOSEPH | ) |
| WILDCAT in his official capacity as | ) |
| President of the Lac du Flambeau Band | ) |
| of Lake Superior Chippewa Indians | ) |
| and A through Z, being those individuals | ) |
| and entities whose names are unknown, | ) |
| but will be ascertained; and who are | ) |
| responsible, in their individual and/or | ) |
| official capacities, for the unlawful | ) |
| actions alleged herein, | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WAAWAATESI LLC, d/b/a GREENLINE LOANS

COMES NOW, Justin Johnson, Plaintiff in the above-styled cause, and pursuant to Rules 26, 33 and 34 of the *Alabama Rules of Civil Procedure*, hereby propounds to Defendant Waawaatesi LLC d/b/a Greenline Loans ("Greenline") the following Interrogatories and Requests for Production.

### INSTRUCTIONS

In answering these Interrogatories, you are required to furnish all information available to you, including, without limitation, all information in the possession of your attorney, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the

information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Alabama Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony.  You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Each request for production of documents herein shall be deemed continuing so as to require prompt supplemental responses in accordance with Rule 26(e) of the *Alabama Rules of Civil Procedure* if you obtain or discover further documents called for herein between the time responded to in this request and the time of trial.

If a privilege is claimed as a ground for not responding in whole or in part to any request made herein, you shall in your responses hereto describe the factual basis for the claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## **<u>DEFINITIONS</u>**

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories and requests for production:

(a)   "You" or "Your" shall mean Waawaatesi LLC d/b/a Greenline Loans ("Greenline") and its attorneys, employees, agents, representatives and all other persons acting on its behalf.

(b)     "Person" shall mean any individual, partnership, firm, association, corporation, or other business, governmental or legal entity.

(c)     "Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced, including information maintained in computer form.

(d)     "Address" shall mean the street number, street, city and state of subject person, business, or other entity.

(e)     "Identify" or "Identification" when used with reference to a person, shall mean to state the full name and present or last known address of said person.

(f)     "Identify" or "Identification" when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

(g)     "Defendant" shall mean Waawaatesi LLC d/b/a Greenline Loans.

(h)     "Hers" means his and/or her, and "her" means he and/or she.

(i)     "Relates to" means supports, evidences, describes, mentions, refers to, contradicts, comprises, constitutes or compromises.

(j)     "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories and requests for production any information or documents which might otherwise be construed to be outside their scope.

(k)     "Johnson Loan" shall mean the on-line loan offering, Loan No.: 2733722 Loan Agreement dated on or about August 24, 2021 and referenced in Paragraph 29 of

the Complaint.

(l)     "Small Loans" shall mean personal loans extended to individuals where the total amount financed is $1,499 or less.

## **INTERROGATORIES**

Pursuant to Rule 33 of the *Alabama Rules of Civil Procedure* you are required to answer the following interrogatories within forty-five (45) days of the service there of:

1.     Identify each and every entity and individual involved in the creation and servicing of the Johnson Loan.  "Servicing" means all aspects of the management of the loan, including (but not limited to) processing the loan application, creating and delivering the loan documents, distributing the loan proceeds, communicating with the borrower and collecting amounts deemed owed under the loan.   The scope of this request includes, but is not limited to, third-party entities and individuals not employed directly by you.

**RESPONSE:**

2.     Identify each and every entity and individual involved in the creation and servicing Small Loans extended to Alabama residents during the time period March 28, 2018 to present. "Servicing" means all aspects of the management of the loans, including (but not limited to) processing the loan application, creating and delivering the loan documents, distributing the loan proceeds, operating call centers, communicating with the borrowers and collecting amounts deemed owed under the loan.   The scope of this request includes, but is not limited to, third-party entities and individuals not employed directly by you.

**RESPONSE:**

3.     Identify each and every entity and individual involved in the creation and servicing Small Loans extended to Alabama residents during the time period March 28, 2018 to present. "Servicing" means all aspects of the management of the loans, including (but not limited to) processing the loan application, creating and delivering the loan documents, distributing the loan proceeds, communicating with the borrowers and collecting amounts deemed owed under the loan. The scope of this request includes any third-party entities or individuals not employed directly by you.

**RESPONSE:**

4.      Identify each entity or individual which held any ownership interest in Waawaatesi LLC during the time period March 28, 2018 to present and state the percentage of ownership held by each entity or individual.

**RESPONSE:**

5.      Identify every individual who served as an officer or manager of Waawaatesi LLC during the time period March 28, 2018 to present and describe the position held by each individual and the time period served in that position.

**RESPONSE:**

6.      State the number of persons employed by Waawaatesi LLC for each year from 2018 to present.

**RESPONSE:**

7.      Identify each and every agreement that you are or were a party to concerning or relating to the management, service and/or sharing of revenue relating to the lending operation conducted under the name Greenline Loans for the period March 28, 2018 to present.  For each agreement, identify the parties and all relating documents.

**RESPONSE:**

8.      Describe your relationship with LDF Holdings, LLC during the period March 28, 2018 to present.

**RESPONSE:**

9.      State the number of Small Loans extended by you to Alabama residents during the period March 28, 2018 to present.

**RESPONSE:**

10.     Identify each and every individual who had any personal involvement with any aspect of the Johnson Loan.  As to each such individual state the following:

a.      Full name and address;
b.      Name of employer of the person as of August 21, 2021;
c.      The person's current employer; and
d.      The person's physical location at the time of their involvement with the Johnson Loan.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the *Alabama Rules of Civil Procedure* you are required to produce

the following documents within forty-five (45) days of the service of these requests:

1.      All documents identified in your responses to the foregoing interrogatories.

2.      Corporate documents regarding Waawaatesi LLC, including but not limited to articles of incorporation or formation, operating agreements and any other document which identifies the owners, officers and managers of the LLC.

## TO BE SERVED WITH THE COMPLAINT

_____

KENNETH J. RIEMER (RIE003)
Attorney for Plaintiff
RIEMER LAW, LLC
Attorney for Plaintiff
2153 Airport Boulevard
Mobile, Alabama 36606
Phone: (251) 432-9212
Emails: kriemer@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using the AlaFile system for service of same with the Complaint which was file on this same date.

*/s/ Kenneth J. Riemer*
KENNETH J. RIEMER (RIE003)



AlaFile E-Notice

57-CV-2022-900051.00

To:   KENNETH J RIEMER
      kjr@alaconsumerlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following complaint was FILED on 3/28/2022 11:33:50 AM

Notice Date:     3/28/2022 11:33:50 AM

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516



AlaFile E-Notice

57-CV-2022-900051.00

To:  WAAWAATESI LLC D/B/A GREENLINE LOANS
     597 PEACE PIPE ROAD
     LAC DU FLAMBEAU, WI, 54538

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following complaint was FILED on 3/28/2022 11:33:50 AM

Notice Date:     3/28/2022 11:33:50 AM

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516



AlaFile E-Notice

57-CV-2022-900051.00

To:  JESSI LORENZO
     502 S. FREMONT AVE.
     APARTMENT 1107
     TAMPA, FL, 33606

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following complaint was FILED on 3/28/2022 11:33:50 AM

Notice Date:      3/28/2022 11:33:50 AM

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516



AlaFile E-Notice

57-CV-2022-900051.00

To:   JOSEPH WILDCAT
      418 LITTLE PINES
      LAC DU FLAMBEAU, WI, 54538

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following complaint was FILED on 3/28/2022 11:33:50 AM

Notice Date:    3/28/2022 11:33:50 AM

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>57-CV-2022-900051.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
## JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

**NOTICE TO:** WAAWAATESI LLC D/B/A GREENLINE LOANS, 597 PEACE PIPE ROAD, LAC DU FLAMBEAU, WI 54538

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER                                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602                                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN JOHNSON

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 03/28/2022 | /s/ JODY SELLERS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ KENNETH J RIEMER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>57-CV-2022-900051.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
### JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

**NOTICE TO:** JESSI LORENZO, 502 S. FREMONT AVE. APARTMENT 1107, TAMPA, FL 33606
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602
_____.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN JOHNSON
pursuant to the Alabama Rules of the Civil Procedure.                *[Name(s)]*

| 03/28/2022 | /s/ JODY SELLERS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ KENNETH J RIEMER
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.
*(Date)*

_____      _____      _____
*(Type of Process Server)*              *(Server's Signature)*                *(Address of Server)*

                                _____      _____
                                 *(Server's Printed Name)*             *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>57-CV-2022-900051.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
### JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

**NOTICE TO:** JOSEPH WILDCAT, 418 LITTLE PINES, LAC DU FLAMBEAU, WI 54538

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN JOHNSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/28/2022 | /s/ JODY SELLERS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ KENNETH J RIEMER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____      _____      _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____      _____

*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>57-CV-2022-900051.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**
**JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL**

NOTICE TO: WAAWAATESI LLC D/B/A GREENLINE LOANS, 597 PEACE PIPE ROAD, LAC DU FLAMBEAU, WI 54538

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN JOHNSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

_____03/28/2022_____                                                  By: _____
*(Date)*                                                                              *(Name)*

☑ Certified Mail is hereby n

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Only*

For delivery information, visit our website at *www.usps.com*®

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $         Postmark
☐ Certified Mail Restricted Delivery $         Here
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

WAAWAATESI LLC DBA GREENLINE LOANS
597 PEACE PIPE ROAD
LAC DU FLAMBEAU, WI 54538

PS Form 3800, April 2015 7530-02-000-9047        See Reverse for Instructions

☐ Return receipt of certified

☐ I certify that I personally

*(Name of Per*

Alabama on

*(Type of Process Server)*

cument to

County,

*f Server)*

*mber of Server)*

**57-CV-2022-900051.00**
JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

| C001 - JUSTIN JOHNSON | v. | D001 - WAAWAATESI LLC D/B/A GREENLINE LOANS |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>57-CV-2022-900051.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
### JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

**NOTICE TO:** JESSI LORENZO, 502 S. FREMONT AVE. APARTMENT 1107, TAMPA, FL 33606

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN JOHNSON
pursuant to the Alabama Rules of the Civil Procedure.                     *[Name(s)]*

03/28/2022 _____                    By: _____
*(Date)*                                                            *(Name)*

☑ Certified Mail is hereby r___

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

☐ Return receipt of certified

☐ I certify that I personally

*(Name of Per___*

Alabama on ___

_____
*(Type of Process Server)*

| Certified Mail Fee |
| $ |
| Extra Services & Fees (check box, add fee as appropriate) |
| ☐ Return Receipt (hardcopy)   $ _____ |
| ☐ Return Receipt (electronic)  $ _____ |
| ☐ Certified Mail Restricted Delivery  $ _____ |
| ☐ Adult Signature Required  $ _____ |
| ☐ Adult Signature Restricted Delivery $ _____ |
| Postage |
| $ |
| Total Postage and Fees |
| $ |

Postmark
Here

___cument to
_____ County,
)

*f Server)*

JESSI LORENZO
502 S FREMONT AVE APT 1107
TAMPA, FL 33606

*mber of Server)*

### 57-CV-2022-900051.00
JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

| C001 - JUSTIN JOHNSON | v. | D002 - JESSI LORENZO |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



# SERVICE RETURN COPY

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>57-CV-2022-900051.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
### JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

**NOTICE TO:** JOSEPH WILDCAT, 418 LITTLE PINES, LAC DU FLAMBEAU, WI 54538

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN JOHNSON *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

03/28/2022
*(Date)*

/s/ JODY SELLERS

By: _____ *(Name)*

☑ Certified Mail is hereby re...

☐ Return receipt of certified ...

☐ I certify that I personally ...

...ument to _____ County,

*(Name of Pers...*

Alabama on _____

*(Type of Process Server)*

_____ *(Server)*

...mber of Server)*



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)   $ _____
☐ Return Receipt (electronic)   $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required   $ _____
☐ Adult Signature Restricted Delivery $ _____
Postmark Here
Postage
$
Total Postage and Fees
$

JOSEPH WILDCAT
418 LITTLE PINES
LAC DU FLAMBEAU, WI 54538

**57-CV-2022-900051.00**
JUSTIN JOHNSON V. WAAWAATESI LLC D/B/A GREENLINE LOANS ET AL

| C001 - JUSTIN JOHNSON<br>*(Plaintiff)* | v. | D003 - JOSEPH WILDCAT<br>*(Defendant)* |
|---|---|---|

### SERVICE RETURN COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOSEPH WILDCAT
418 LITTLE PINES
LAC DU FLAMBEAU, WI 54538

9590 9402 7106 1251 3413 17

2. Article Number (Transfer from service label)

7021 0950 0000 0919 8447

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  LISA POTS  ☒ Agent
                ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

                                  4-4-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV-22-90031  D003

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



USPS TRACKING #

GREEN BAY WI 543

14 APR 2022 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7106 1251 3413 17

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JODY SELLERS
CLERK OF CIRCUIT COURT
501 14TH ST.
PHENIX CITY, AL 36867

FILED IN OFFICE

2022 APR -8 PM 12: 35

CIRCUIT/DIST. COURT
RUSSELL CO., AL



AlaFile E-Notice

57-CV-2022-900051.00

Judge: MICHAEL J. BELLAMY

To:   RIEMER KENNETH JOSEPH
kjr@alaconsumerlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following matter was served on 4/4/2022

**D003 WILDCAT JOSEPH**

**Corresponding To**

AUTHORIZED SERVICE

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516



AlaFile E-Notice

57-CV-2022-900051.00

Judge: MICHAEL J. BELLAMY

To:  NICHOLAS STEVEN LEON
      sln@cunninghambounds.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following matter was served on 4/4/2022

**D003 WILDCAT JOSEPH**
**Corresponding To**
AUTHORIZED SERVICE

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516

2022 APR 14  PM 12:37

CIRCUIT/DIST. COURT
RUSSELL CO., AL

quadient
CORRECTION
IMI
**$008.96**
03/30/2022 ZIP 3688
043M31217587

CERTIFIED MAIL

7021 0950 0000 0919 8430

CV-22-900051

JODY SE
CLERK OF CIR
501 14T
PHENIX CITY, AL 36867

JESSI LORENZO
502 S FREMONT AVE APT 1107
TAMPA, FL 33606

FORWARD TIME EXP RTN TO SEND
LORENZO 325 N7E 1 121 C7204/08/22
3303 W NORTH B ST
TAMPA FL 33609-1429

RETURN TO SENDER



AlaFile E-Notice

57-CV-2022-900051.00

Judge: MICHAEL J. BELLAMY

To:  RIEMER KENNETH JOSEPH
kjr@alaconsumerlaw.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following matter was not served on 4/14/2022

**D002 LORENZO JESSI**

**Corresponding To**

FORWARD EXPIRED

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516



AlaFile E-Notice

57-CV-2022-900051.00

Judge: MICHAEL J. BELLAMY

To:  NICHOLAS STEVEN LEON
     sln@cunninghambounds.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following matter was not served on 4/14/2022

**D002 LORENZO JESSI**
**Corresponding To**
FORWARD EXPIRED

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516

quadient
CORRECTION
IMI
**$008.96**
03/30/2022 ZIP 3
043M31217587

CERTIFIED MAIL®

|| 7021 0950 0000 0919 8423

CV-22-900051

FILED IN OFFICE

2022 MAR 28   PM 2:30

CIRCUIT COURT
RUSSELL CO., AL.

JODY SELLERS
CLERK OF CIRCUIT COURT
501 14TH ST.
PHENIX CITY, AL 36867

WAAWAATESI LLC DBA GREENLINE LOANS
597 PEACE PIPE ROAD
LAC DU FLAMBEAU, WI 54538

NIXIE    530  DE 1      0004/07/22

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD

BC: 36667514261    2370N097113-06772I



AlaFile E-Notice

57-CV-2022-900051.00

Judge: MICHAEL J. BELLAMY

To:  RIEMER KENNETH JOSEPH
kjr@alaconsumerlaw.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following matter was not served on 4/28/2022

**D001 WAAWAATESI LLC DBA GREENLINE LOANS**

**Corresponding To**

OTHER

NO RECEPTACLE

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516



AlaFile E-Notice

57-CV-2022-900051.00

Judge: MICHAEL J. BELLAMY

To:   NICHOLAS STEVEN LEON
        sln@cunninghambounds.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

JUSTIN JOHNSON V. WAAWAATESI LLC DBA GREENLINE LOANS ET AL
57-CV-2022-900051.00

The following matter was not served on 4/28/2022

**D001 WAAWAATESI LLC DBA GREENLINE LOANS**
**Corresponding To**
OTHER
NO RECEPTACLE

JODY SELLERS
CIRCUIT COURT CLERK
RUSSELL COUNTY, ALABAMA
RUSSELL COUNTY JUDICIAL CENTER
501 14TH STREET
PHENIX CITY, AL, 36868

334-298-0516